UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ROY WALKER (#370396)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 11-668-BAJ-SCR


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 4, 2012.

                        STEPHEN C. RIEDLINGER
                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROY WALKER (#370396)

VERSUS                                            CIVIL ACTION

N. BURL CAIN, ET AL                               NUMBER 11-668-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Dismiss Original Complaint filed by defendant Warden N. Burl Cain, which shall be treated as a motion for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P.[1]  Record document number 20.  The motion is opposed.[2]

Pro se plaintiff, an inmate confined in Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Lt. John Orr, Lt. Nathaniel Johnson, Sgt. Darius Montegomery and Cadet Bobby Littleton.  Plaintiff alleged that Warden Cain failed to have

---

[1] A review of the record showed that the defendants filed an answer on March 23, 2012 and then subsequently filed the motion to dismiss on April 27, 2012.  Because a Rule 12(b) motion must be filed before responsive pleadings, the motion is untimely. However, an untimely Rule 12(b)(6) motion may be treated as a motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (district court may treat an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings based on a failure to state a claim).  A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[2] Record document number 24.

unstable steps properly repaired, defendants Lt. Orr, Lt. Johnson, Sgt. Montegomery and Cade Littleton subjected him to an excessive use of force, Lt. Johnson issued him a false disciplinary report in retaliation after the plaintiff threatened to file an administrative grievance ("ARP") against him, and Lt. Johnson and Lt. Orr interfered with medical treatment prescribed by medical personnel.[3]

Defendant Warden Cain moved to dismiss for failure to state a claim upon which relief can be granted.

### I. Factual Allegations

Plaintiff alleged that inmates filed numerous ARPs complaining that steps located on the A-Block yard at the Main Prison cellblock shifted when stepped upon. Plaintiff alleged that Warden Cain could have had these steps repaired properly but he failed to do so. Plaintiff alleged that on March 31, 2010, he slipped and fell when the steps shifted underneath him.[4] Plaintiff alleged that he

---

[3] Sgt. Montegomery and Lt. Orr were not served with the summons and complaint. Record document number 12. Although the U.S. Marshal's service return does not indicate why service on these defendants was not accepted, when service is not accepted it is usually because the defendant is no longer employed by the Department of Public Safety and Corrections or the defendant has not been sufficiently identified. Plaintiff has taken no action to have either of these defendants served.

[4] Plaintiff alleged that the other defendants subjected him to an excessive use of force, issued him a false disciplinary report and interfered with prescribed medical treatment. Plaintiff did not allege that Warden Cain was involved in these alleged incidents.

was transported by ambulance to the prison infirmary where x-rays were taken and he was administered a shot. Plaintiff alleged that although nothing was broken, bed rest was ordered.

## II. Applicable Law and Analysis

### A. Motion to Dismiss Standard

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,____, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled

to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

### B. Failure to Repair Steps

Plaintiff alleged that the defendant was made aware that the A-Block yard steps were unstable but failed to take "proper" action to have the steps repaired.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the

4

inference.  *Id*.

Plaintiff did not allege that the defendant disregarded the risk that the steps allegedly posed.  Rather, the plaintiff alleged that the defendant failed to take the "proper" action to repair the steps.

At worst, the plaintiff alleged that the defendant acted negligently when he failed to take the proper measures to repair the steps.  The due process clause is not implicated by a state official's negligent act causing unintended injury to life, liberty or property.  *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Dismiss, treated as a Motion for Judgment on the Pleadings, on behalf of defendant Warden N. Burl Cain be granted, dismissing all of the plaintiff's claims against him.

It is further recommended that the claims against Sgt. Darius Montgomery and Lt. John Orr be dismissed pursuant to Rule 4(m), Fed.R.Civ.P.

Baton Rouge, Louisiana, June 4, 2012.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE